UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

JAMES M. KERVEN,

          **Plaintiff,**

 vs.                  5:18-CV-742
                         (MAD/ATB)
UNITED STATES OF AMERICA,

         **Defendant.**

---

**APPEARANCES:**              **OF COUNSEL:**

JAMES M. KERVEN
Plaintiff *pro se*

U.S. DEPARTMENT OF JUSTICE -       JAMES YU, ESQ.
TAX DIVISION
P.O. Box 55
Ben Franklin Station
Washington, D.C. 20044
Attorney for Defendant

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

On June 25, 2018, Plaintiff commenced this action *pro se* against the United States of America, challenging the constitutionality of the Tax Cuts and Jobs Act, Pub. L. No. 115-97, 131 Stat. 2054 (2017) (the "TCJA").[1] *See* Dkt. No. 1 at 1. Plaintiff alleges that the TCJA violates the Fourteenth Amendment because it creates "gross inequality" in taxation. *See id.* at 4. Specifically, the Complaint brings two claims: (1) "'grossly unequal' treatment and lack of any reasonable attempt to adjust the burden with a fair and reasonable degree of equality with regard

---

[1] Plaintiff incorrectly named the "Government of the United States" as Defendant. The Court directs the Clerk of the Court to amend the case caption as indicated above.

to the 'repatriation' section of [the TCJA]" and (2) that the "U.S. 1.5 trillion dollar loan facilitating the underpayment of taxes for current taxpayers . . . is an absurd violation of any intent to distribute the burden with any reasonable degree of equality." *See id.* at 2. Additionally, the Complaint criticizes the current tax policy, quotes various public figures, and attaches annotated newspaper articles about the TCJA. *See id.* at 3-96.

On October 23, 2018, Defendant moved to dismiss the Complaint pursuant to 12(b)(1) for lack of subject-matter jurisdiction. *See* Dkt. No. 22. Plaintiff has not filed an opposition, and the Motion to Dismiss is presently before the Court.

## II. DISCUSSION

### A. Legal Standard

"Article III, § 2, of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies,' which restrict the authority of federal courts to resolving the legal rights of litigants in actual controversies." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 71 (2013) (internal quotation omitted) (citing *Valley Forge Christian Coll. v. Americans United for Separation of Church and State, Inc.*, 454 U.S. 464, 471 (1982)). "As an incident to the elaboration of this bedrock requirement," a plaintiff seeking to maintain an action in federal court is "always required" to have standing. *Valley Forge Christian College*, 454 U.S. at 471; *see also Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). Thus, standing is "the threshold question in every federal case, determining the power of the court to entertain the suit." *Kiryas Joel Alliance v. Vill. of Kiryas Joel*, 495 Fed. Appx. 183, 188 (2d Cir. 2012).

"To demonstrate standing, a plaintiff must have 'alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction.'" *Salazar v. Buono*, 559 U.S. 700, 711 (2010) (quoting *Horne v. Flores*, 557 U.S. 433, 445 (2009)) (emphasis

2

omitted). As the Supreme Court established in *Lujan*, "the irreducible constitutional minimum of standing contains three elements":

> First, the plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court. Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan*, 504 U.S. at 560 (internal citations and quotation marks omitted). The "[s]tanding doctrine functions to ensure, among other things, that the scarce resources of the federal courts are devoted to those disputes in which the parties have a concrete stake." *Friends of the Earth, Inc. v. Laidlaw Environmental Services (TOC), Inc.*, 528 U.S. 167, 191 (2000); *see also Genesis Healthcare*, 569 U.S. at 71 ("This requirement ensures that the Federal Judiciary confines itself to its constitutionally limited role of adjudicating actual and concrete disputes, the resolutions of which have direct consequences on the parties involved"). In accordance with this precept, a plaintiff must establish standing for each claim and form of relief sought. *See Carver v. City of New York*, 621 F.3d 221, 225 (2d Cir. 2010).

"[W]here a complaint is dismissed for lack of Article III standing, the dismissal must be without prejudice, rather than with prejudice." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 54-55 (2d Cir. 2016); *see also Hernandez v. Conriv Realty Associates*, 182 F.3d 121, 123 (2d Cir. 1999) (holding that a federal court cannot dismiss a case with prejudice where there is no Article III standing). This is because "[s]uch a dismissal is one for lack of subject matter jurisdiction, and without jurisdiction, the district court lacks the power to adjudicate the merits of the case." *See*

*id.* (citing *Davis v. Federal Election Commission*, 554 U.S. 724, 732-33 (2008); *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998)) (other citations omitted).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "'make reasonable allowances to protect *pro se* litigants'" from inadvertently forfeiting legal rights merely because they lack a legal education. *Id.* (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**B.     Application**

Defendant brings a facial challenge to Plaintiff's standing based on the allegations in the Complaint. Thus, for purposes of this motion, the Court must accept as true all material factual allegations in the Complaint and draw all reasonable inferences in favor of Plaintiff. *See Carter*, 822 F.3d at 56 (holding that "[w]hen the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it . . . [t]he task of the district court is to determine whether the Pleading 'allege[s] facts that affirmatively and plausibly suggest that [the plaintiff] has standing to sue'").

In the present case, the Court does not have subject matter jurisdiction because Plaintiff does not have standing to sue. Plaintiff argues that he has standing "as an individual taxpayer and . . . representative of the majority of American taxpayers injured by the [TCJA]." *See* Dkt. No. 1 at 1; *see also id.* at 2 (alleging standing based on Plaintiff's status as "a current and future taxpayer"); *id.* at 4 (alleging standing because Plaintiff pays "personal taxes and business taxes generated through his commerce"). However, as Defendant points out, Plaintiff has not alleged a particularized or imminent injury. *See* Dkt. No. 22-1 at 4. Instead, Plaintiff makes broad

4

statements about the unfairness of the TCJA, without ever stating how he has been harmed. *See, e.g.*, Dkt. No. 1 at 2 (alleging "grossly unequal" treatment from the "repatriation" section of the TCJA); *id.* at 5 (alleging that "[w]e believe these deferred foreign income corporations and their repatriation activity are in breach of any rational fairness in tax law"). Even reviewing the Complaint under the more lenient standard afforded to *pro se* litigants, Plaintiff does not have "such a personal stake in the outcome of the controversy as to warrant *his* invocation of federal-court jurisdiction." *Salazar*, 559 U.S. at 711 (citation omitted).

Plaintiff's concern seems to be with the fiscal policy of the current administration. *See, e.g.*, Dkt. No. 1 at 2 ("Already running deficits with revenues running 20% short of spending, the 115th congress and the Trump Administration have borrowed the equivalent of two years of current deficits to lower taxes for current selected taxpayers making the short fall 25%. THIS IS NOT AND NEVER WAS A SPECULATIVE CLAIM"); *id.* at 7 ("[T]he 115th congress and the Trump Administration have initiated tax cuts that burden future taxpayers with a 1.5 trillion dollar loan to underwrite a reduction in taxes for current tax payers"). The Court may only adjudicate "actual and concrete disputes, the resolutions of which have direct consequences on the parties involved." *See Genesis Healthcare*, 569 U.S. at 71. Since Plaintiff has not alleged an actual and concrete dispute, he has not met the irreducible constitutional minimum of standing. *Lujan*, 504 U.S. at 560. Accordingly, the Court must dismiss the Complaint without prejudice for lack of subject matter jurisdiction.[2]

---

[2] Because Plaintiff lacks Article III standing, the Court does not have subject matter jurisdiction and will not address Defendant's other arguments. *See* Dkt. No. 22-1 at 2 (arguing that the Court should dismiss the case for three reasons: lack of standing, the tax exemption bar to the Declaratory Judgment Act, and because the case involves a nonjusticiable political question).

## III. CONCLUSION

After careful review of the record, the Motion to Dismiss, and the applicable law, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss (Dkt. No. 22) is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendant's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: February 12, 2019
       Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge